Filed 2/27/25  P. v. Yin CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062930 |
| v. | (Super. Ct. No. 11CF2822) |
| SARITH YIN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald

W. Ostertag, and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

*      *      *

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) which "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting . . . . " (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) The bill's stated purpose was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

A defendant previously convicted of murder or attempted murder under the natural and probable consequences doctrine can petition to have their conviction vacated. (Pen. Code,[1] § 1172.6, subd. (a).) If the petition makes out a prima facie case for relief, the court must hold an evidentiary hearing. (Id., subd. (c).) The prosecution bears the burden to prove to the court beyond a reasonable doubt that the defendant would be guilty of murder under the current state of the law; the court may consider evidence previously admitted as well as any admissible new evidence. (*Id.*, subd. (d)(3).)

Appellant Sarith Yin (Yin) appeals the denial of his petition following an evidentiary hearing at which the court found him guilty of murder as a direct aider and abettor. Yin contends there is not sufficient evidence in the record to support this ruling and argues the court

---

[1] All further statutory references are to the Penal Code.

2

misunderstood the required elements of murder under the new law. We disagree and affirm.

## STATEMENT OF FACTS

Yin and John Saway (Saway) were members of the criminal street gang, "We Don't Care" (WDC). WDC was allied with the criminal street gang, Tiny Rascals Gang (TRG). WDC and TRG were rivals with Hispanic street gangs in the area. On the night of the murder, a group of friends, which included members of TRG, got into an altercation with a Hispanic street gang. The TRG group was outnumbered so they retreated and called in "the big homies"—Yin and Saway, who arrived with loaded guns. The TRG group, including Yin and Saway, walked toward members of the Hispanic gang. Saway then pulled out a gun, said "hey, TRG," and started shooting. Saway turned to Yin and told him to "get them that way." Yin ran in the direction Saway commanded and fired his gun. The victim was shot as he ran away; he died at the scene.

At some point, a member of the Hispanic street gang returned fire. Yin and Saway then fled in the car they had arrived in. There is no dispute it was Saway who shot and killed the victim.

The day after the incident, Yin told his brother "they shouldn't be getting fucked with and that's what—and that's what happened." Yin said he shot at people, including the victim, and bragged that he and Saway should be hired as hit men.

## PROCEDURAL HISTORY

In 2012, a jury convicted Yin of first degree murder (count 1; § 187, subd. (a)), active participation in a criminal street gang (count 2; § 186.22, subd. (a)), and being a felon in possession of a firearm (count 3; § 12021, subd. (a)(1)). Yin's murder conviction was based on the theory the

3

murder was the natural and probable consequence of Yin and Saway assaulting the Hispanic street gang with deadly weapons. As to count 1, the jury found true the special circumstance that Yin committed first degree murder while an active participant in a criminal street gang (§ 190.2, subd. (a)(22)), intentionally discharged a firearm causing death (§ 12022.53, subds. (d) & (e)(1)), and committed the crime for the benefit of, at the direction of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)). As to count 3, the jury found Yin committed the offense for the benefit of, at the direction of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)).

The trial court sentenced Yin to life in prison without the possibility of parole, plus a consecutive indeterminate term of 30 years to life and a five-year determinate term.

In 2018, after Yin filed a writ of habeas corpus, the prosecution agreed to reduce Yin's conviction on count 1 to second degree murder. The court dismissed the special circumstance that Yin committed the murder while an active participant in a criminal street gang (§ 190.2, subd. (a)(22)), and sentenced Yin to a total of 40 years to life in prison.

Yin then filed a motion to dismiss the gang related charges and enhancements; the trial court denied the motion. Yin appealed from that denial. We reversed, vacated Yin's sentence, and remanded for retrial of the gang allegations. (*People v. Yin* (Dec. 12, 2023, G061774) [nonpub. opn.].)

In 2020, while that appeal was still pending, Yin filed a petition for resentencing pursuant to section 1170.95 (later renumbered 1172.6). He argued that, based on the change in the law, he could no longer be convicted of murder. The People conceded the motion presented a prima facie case for relief, and the court set the matter for an evidentiary hearing.

4

Following the evidentiary hearing, the court found Yin guilty of murder because he directly aided and abetted Saway in the commission of the murder, and he did so with an intent to kill. In its written ruling, the court noted it did not believe Yin was "guilty of murder under the theory of intent to kill." The court found "the jury findings do not support a conclusion that [the victim] was killed by [Yin]."

## DISCUSSION

Yin contends there is not substantial evidence in the record to support the trial court's ruling. Alternatively, he argues that, since the trial court stated he was "not guilty of murder based on the theory of intent to kill," the "verdict indicates a confusion about the principles of aiding and abetting, necessitating a remand under *People v. Reyes* (2023) 14 Cal.5th 981, 990."

We disagree with both contentions and affirm.

### I.

### SUBSTANTIAL EVIDENCE SUPPORTING THE COURT'S RULING

A.    *Standard of Review*

"[A] trial court's denial of a section 1172.6 petition is reviewed for substantial evidence." (*People v. Reyes, supra*, 14 Cal.5th at p. 988.) To determine if substantial evidence supports the trial court's ruling, "''we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.] We determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."'" (*People v. Vargas* (2022)

84 Cal.App.5th 943, 951.) "'In so doing, [we] "presume[ ] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence."'" (*Ibid.*) "Substantial evidence also '"includes circumstantial evidence and any reasonable inferences drawn from that evidence."'" (*Ibid.*)

B. *Applicable Law*

"Murder is the unlawful killing of a human being, or a fetus, with malice aforethought." (§ 187, subd. (a).) Malice requires an intention to kill another person. (§ 188, subd. (a)(1).) All murders are second degree unless they fall within enumerated categories not applicable here. (§ 189, subds. (a) & (b).)

Although Senate Bill 1437 eliminated the natural and probable consequences doctrine of aiding and abetting liability for murder, "a defendant may still be liable for murder as a direct aider and abettor because a direct aider and abettor must possess malice aforethought." (*People v. Lopez* (2024) 99 Cal.App.5th 1242, 1248.) "For a defendant to be liable [for murder] as a direct aider and abettor, 'the prosecution must show that the defendant aided or encouraged the commission of the murder with knowledge of the unlawful purpose of the perpetrator and with the intent or purpose of committing, encouraging, or facilitating its commission.'" (*In re Lopez* (2023) 14 Cal.5th 562, 579.) An aider and abettor must "'know and share the murderous intent of the actual perpetrator.'" (*People v. Offley* (2020) 48 Cal.App.5th 588, 596.)

C. *Analysis*

We find substantial evidence in the record to support the court's ruling that Yin is guilty of second degree murder as a direct aider and abettor. The murder was the result of a fight between rival criminal street

6

gangs. Yin and Saway were called in because they were "the big homies." They brought loaded guns and worked as a team to shoot and kill the victim.

Yin contends "[t]here was no evidence presented of any discussion between [Yin] or Saway about their intent, and no evidence of any expression of intent to kill before Saway actually began shooting." However, "[d]irect evidence of intent to kill is rare, and ordinarily the intent to kill must be inferred from the statements and actions of the defendant and the circumstances surrounding the crime." (*People v. Canizales* (2019) 7 Cal.5th 591, 602.) The day after the murder, Yin boasted about getting the job done, being hired as a hit man, and being the one who, he believed, committed the murder.

Yin also argues the "mere [act of] 'firing his gun towards the location of the victim and the victim's fellow gang members' [*sic*] during the altercation [did not show he] *in fact* provided assistance to Saway in perpetrating the lethal act that killed [the victim]." In determining whether Yin's actions assisted Saway, we consider Yin's "'presence at the scene of the crime, [his] companionship [with Saway], and [his] conduct before and after the offense.'" (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1054.) Here, Yin admitted firing his weapon which forced the Hispanic gang members to retreat; it also delayed them in returning fire which enabled Saway to shoot and kill the victim.

Finally, Yin claims the trial court "ignored or failed to consider . . . testimony that [Yin] was being fired at by someone near [the victim]." Yin cites no evidence in the record to support his contention. Indeed, the trial court seems to have discounted the evidence Yin relied on.

7

## II.

### THE COURT'S STATEMENT YIN DID NOT HAVE AN INTENT TO KILL

A trial court's denial of a section 1172.6 petition which rests on a misunderstanding of applicable legal principles is an error of law. (*People v. Reyes, supra*, 14 Cal.5th at p. 992.) Yin contends the trial court's statement that he was not guilty based on a "theory of intent to kill" demonstrates the court did not understand that to find him guilty as an aider and abettor, it had to conclude he possessed his own intent to kill. We are not persuaded.

In the court's written ruling, it separated its analysis of Yin's guilt as an aider and abettor from its analysis of Yin's guilt as the actual killer. The trial court started its direct killer analysis with the statement at issue. The court then explained why the evidence did not support the conclusion that Yin fired the fatal shot. Thus, the court's "intent to kill" statement related to its conclusion that Yin was not guilty of murder under a direct perpetrator theory of liability. The court then found Yin guilty as an "aide[r] and abett[or] in the killing of [the victim] and that he did so with the intent to kill [the victim]." That analysis satisfies the requirements of section 1172.6.

## DISPOSITION

We affirm the postjudgment order.

GOETHALS, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.